IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SCOTT NESBITT, RIKKI TAYLOR AND TUCKER MACK, | § § § § § | |
| Plaintiffs, | | |
| v. | § § § § § § § § § § | CASE NO. 5:23-cv-00181-OLG |
| MOONLIGHT LOGISTICS, INC., ARCHER LOGISTICS, LTD., AND TRINITY LOGISTICS, INC., | | |
| Defendants. | | |

**DEFENDANT MOONLIGHT LOGISITCS, INC.'S
FIRST AMENDED ANSWER TO THE PETITION IN INTERVENTION**

TO THE HONORABLE U.S. MAGISTRATE JUDGE HENRY BEMPORAD:

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant MOONLIGHT LOGISTICS, INC. (hereinafter "Defendant") files this First Amended Answer to the Petition in Intervention in the above entitled and numbered case. Except as specifically admitted in this Answer, all material assertions of fact and law set forth in the Petition in Intervention are denied pursuant to Federal Rule of Civil Procedure 8(b). Defendant denies Intervenors have pled a cause of action entitling them to relief. Defendant denies they violated any federal or state constitutions, constitutional amendments, statutes or laws, or that they deprived Intervenors of any rights. Defendant denies they breached any legal duty owed to Intervenors that proximately caused Intervenors any harm. Defendant denies Intervenors have stated claims against Defendant upon which relief can be granted. Defendant denies Intervenors are entitled to any recovery from Defendant whatsoever. Subject to these denials, Defendant responds to Intervenors' Petition in Intervention according to the numbers and titles of the paragraphs in Intervenors' Petition in Intervention Petition as follows:

880672 (8347.336)

### I. PETITION IN INTERVENTION

1. This paragraph does not require a response by Defendant.

### II. ACTION AND INTERVENORS' CLAIMS ARISING OUT OF SAME MOTOR VENICLE COLLISIONS

2. Defendant admits the paragraph in the Petition in Intervention is accurate.

### III. INTERVENORS' JUSTICIABLE INTERESTS IN THIS ACTION

3. Defendant admits the Intervenors identified were in or near the scene of the crash but denies the remainder of the paragraph.

4. Defendant is without sufficient information and unable to admit or deny the relationship between Amanda Larson, Brandon Larson, and the three minors. Defendant denies the remainder of the paragraph.

5. Defendant denies this paragraph.

### IV. INTERVENOR'S CAPACITY TO BRING ACTION INDEPENDENTLY

6. Defendant admits intervenors could have brought the action separately but denies they suffered injuries.

### V. INTERVENTION DOES NOT AND WILL NOT EXCESSIVELY MULTIPLY THE ISSUES

7-12. Defendant admits to these paragraphs without conceding Intervenors are entitled to damages.

### VI. INTERVENTION IS ESSENTIAL TO PROTECT THE INTERVENORS' INTERESTS

13-14. Defendant admits the action involves the same series of collisions involving the Nesbitt Plaintiffs but specifically denies the remainder of the paragraphs.

880672 (8347.336)

### VII.   INTERVENORS ORIGINAL PETITION AS TO ARCHER LOGISTICS, LTD.

The paragraph following this title is not numbered and does not require a response from Defendant.

### VIII.   DISCOVERY LEVEL

15. Defendant admits there is a valid docket control order with this court that defendant will follow.

### IX.   RULE 47-STATEMENT OF DAMAGES

16. Defendant denies this paragraph.

### X.   VENUE

17. Defendant admits this paragraph is accurate.

18. Defendant denies this paragraph.

### XI.   PARTIES

19-20. Defendant is without sufficient information and is unable to admit or deny these paragraphs.

21. Defendant admits this paragraph is accurate.

22. Defendant is without sufficient information and is unable to admit or deny this paragraph.

### XII.   FACTS

23-24. Defendant admits these paragraphs are accurate.

25-28. Defendant denies these paragraphs.

29. Defendant admits Slagel was in the course and scope of his employment with Moonlight but denies he was in the course and scope with any other entity.

30. Defendant is without sufficient information to admit or deny this paragraph.

31. Defendant is without sufficient information to admit or deny this paragraph.

32. Defendant denies this paragraph.

33. Defendant is without sufficient information to admit or deny this paragraph.

34. Defendant admits

35. Defendant is without sufficient information to admit or deny this paragraph.

36. Defendant is without sufficient information to admit or deny this paragraph.

37. Defendant admits Mona Nesbitt and C.R. were killed as result of the crash but denies the remainder of the paragraph.

38. Defendant denies this paragraph.

39. Defendant is without sufficient information pertaining to Scott Nesbitt to admit or deny his experience as a first responder, actions at the scene, or relationship with those involved. Defendant denies the remainder of the paragraph.

40. Defendant denies paragraph 40 and subparts A-M.

41. Defendant denies paragraph 41.

42. Defendant admits 42 and 42 A-D, with the exception that these paragraphs are only applicable to Moonlight as it was Moonlight's employee, driver, and he was in the course and scope of employment with Moonlight. Defendant denies those paragraphs with respect to Archer. Defendant denies 42(e).

43. Defendant denies paragraph 43.

44. Defendant admits Moonlight Logistics, Inc. would be vicariously liable for the actions of its driver, Wade Slagle, deceased, in the event he was found liable but denies the same with respect to Archer. Defendant denies to the extent this paragraph indicates Mr. Slagle is liable or Moonlight Logistics, Inc. is liable.

45-52. Defendant denies paragraphs 45-52 and all subparts, including 47(a)-(n) and 49(a)-(g).

## XIII.  INTERVENORS' DAMAGES

53. Defendant denies this paragraph.

54. Defendant denies this paragraph and its' subparts including 54(a)-(c).

55. Defendant denies this paragraph.

56. Defendant denies this paragraph and all of its' subparts including 56(a)-(n)

57-59. Defendant denies these paragraphs.

## XIV.  GROSS NEGLIGENCE/EXEMPLARY DAMAGES

60-62. Defendant denies these paragraphs.

## XV.  REQUEST FOR RELIEF

Defendant denies that Intervenors are entitled to any of the relief prayed for in the prayer portion of their Petition in Intervention. To the extent Defendant has failed to respond to any allegation made by Intervenors, Defendant denies the allegations.

Defendant reserves the right to amend this Answer to alter their responses to Intervenors' allegations and to add defenses based upon evidence developed in discovery.

Intervenors' prayer does not require an admission or denial from Defendant. If further response is required, Defendant denies Intervenors are entitled to any relief against this Defendant.

## XVI.  DEFENSES TO INTERVENORS' PETITION IN INTERVENTION

1.     Defendant MOONLIGHT LOGISTICS, INC. invokes the doctrine of comparative fault under applicable law and requests a determination of percentage of responsibility among the parties, settling persons, and/or responsible third parties.

2.     Defendant MOONLIGHT LOGISTICS, INC. pleads any and all provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code applicable to this action. To

the extent applicable, Intervenors' alleged sustained damages were the result of independent, intervening, superseding or supervening factors, occurrences or conditions that were not caused by Defendant MOONLIGHT LOGISTICS, INC., and for which it is not liable.

3.     To the extent applicable, Intervenors' alleged sustained damages were the result of independent, intervening, superseding or supervening factors, occurrences or conditions that were not caused by Defendant MOONLIGHT LOGISTICS, INC., and for which it is not liable.

4.     Defendant MOONLIGHT LOGISTICS, INC. also pleads and relies upon the legislative limitations on damages as set forth in Chapter 41 of the Texas Civil Practice and Remedies Code.

5.     Defendant MOONLIGHT LOGISTICS, INC. further pleads that any award of prejudgment interest must be governed and limited by the provisions of Chapter 304, Subchapter B of the Texas Finance Code.

6.     Defendant MOONLIGHT LOGISTICS, INC. further pleads that any recovery for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, if plead and found must be limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. TEX. CIV. PRAC. & REM. CODE §18.091(a).

7.     Defendant MOONLIGHT LOGISTICS, INC. would show that the occurrence in question and the damages alleged by Intervenors were proximately caused by the fault or negligence of a third party over whom Defendant had no right or actual control.

8.     Defendant MOONLIGHT LOGISTICS, INC. reserves the right to assert such other defenses as continuing investigation and discovery may reveal, and the right to amend or supplement this Answer at any time.

## XVII.  PRAYER

WHEREFORE, Defendant MOONLIGHT LOGISTICS, INC. respectfully prays that all relief requested by Intervenors be denied; that Intervenors take nothing by this suit; that judgment be rendered in favor of Defendant directing that Defendant recover from Intervenors all costs; and for all other relief to which Defendant is entitled.

Respectfully submitted,

**RAY | PEÑA | McCHRISTIAN, P.C.**
McAllister Plaza
9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
(210) 341-3554
(210) 341-3557 Fax

By: /s/ Jarrod Burns
**JOSEPH G. PEÑA**
State Bar No. 24052898
jpena@raylaw.com
**JARROD J. BURNS**
State Bar No. 24092199
jburns@raylaw.com
*Counsel for Defendant, Moonlight Logistics, Inc.*

# CERTIFICATE OF SERVICE

In compliance with Federal Rule of Civil Procedure, I, Jarrod J. Burns, certify that on this 1st day of June, 2023, a true and correct copy of the foregoing document is served on the party or attorney electronically pursuant to Federal Rule of Civil Procedure, or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Federal Rule of Civil Procedure.

The following parties or attorney(s) are served with the foregoing document:

*Counsel for Plaintiffs:*
David Glasheen
GLASHEEN, VALLES & INDERMAN, LLP
1302 Texas Avenue
P.O. Box 1976
Lubbock, Texas 79408
(806) 776-1358
(806) 553-0594 Fax
efile.david.glasheen@gvilaw.com
***Via E-Service &/or E-mail***

*Counsel for Intervenor-Plaintiffs, Amanda Larson, as Natural Mother and Next Friend of B.R., minor, and as Natural Mother and Heir-at-Law of C.R., deceased minor; and Brandon Larson, as Natural Father and Next Friend of J.L., minor:*
Michael R. De La Paz
LAW OFFICE OF MICHAEL R. DE LA PAZ
1100 NW Loop 410, Ste. 360
San Antonio, Texas 78213
(210) 225-7420
(210) 227-0685 Fax
michael@delapazlaw.com
***Via E-Service &/or E-mail***

*Counsel for Defendant, Archer Logistics, Ltd.*
Peter C. Blomquist
Matthew R. Gelina
Zachary Z. Robichaux
HARTLINE BARGER, LLP
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
(713) 759-1990
(713) 652-2419 Fax
mgelina@hartlinebarger.com
zrobichaux@hartlinebarger.com
pblomquist@hartlinebarger.com
***Via E-Service &/or E-mail***

*Temporary Admission to Appear as Counsel for Intervenor – Plaintiffs via Motion Pro Hac Vice*
Brette S. Hart
Bradley L. Akins
HARRIS & HART
9260 Glenwood Street
Overland Park, KS 66212
(913) 213-6980
(913) 213-6991 Fax
bhart@harrisandhart.com
bakins@harrisandhart.com
***Via E-Service &/or E-mail***

/s/ Jarrod Burns

880672 (8347.336)